IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

**RICHARD BUTLER, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 2:20-cv-578

**SIGNAL HILL TELECOM SERVICES U.S., INC.**        **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Richard Butler, individually and on behalf of others similarly situated, by and through his attorney Jon R. Sanford of Jon R. Sanford, P.A., and for his Original Complaint—Collective Action ("Complaint") against Defendant Signal Hill Telecom Services U.S., Inc., and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary and liquidated damages, interest, and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and others overtime wages as required by the FLSA.

2.    Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully committed the FLSA violations as described, *infra*.

3.      Plaintiff did not participate in the similar case now pending in the Eastern District of Arkansas, which case was conditionally certified but for which the opt-in period is now closed.[1]

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

6.      Defendant is headquartered within the Seattle Division of the Western District of Washington. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

7.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.      Richard Butler is an individual and resident and domiciliary of Ionia County, Michigan.

9.      Plaintiff was employed by Defendant as an auditor from November of 2017 until March of 2020.

10.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

---

[1]      *See generally, Brent Wall, et al. v. Signal Hill Telecom Services U.S., Inc.*, U.S.D.C. (E.D. Ark.) Case No. 19-cv-465-BSM.

11.     Defendant is a for-profit corporation located in Washington.

12.     Signal Hill Telecom Services U.S., Inc.'s registered agent for service of process is Carson Law Group, P.S., 3133 Rockefeller Avenue, Everett, Washington, 98201.

13.     Defendant also does business as Signal Hill—Virtual Inspection Solutions.

14.     During each of the three years preceding the filing of this Complaint, Defendant has had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

15.     Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

16.     Defendant provides telecom and auditing services to individuals and companies, both in person and online.

17.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18.     Defendant determined the hours worked by Plaintiff, the manner in which he performed his job duties, and the manner in which other auditors performed their jobs.

19.     Defendant has control over its employees, including power to supervise, hire and fire, establish wages and wage policies, and set schedules for its employees.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19.     Defendant's primary business purpose is to provide telecom and auditing services to clients, which are primarily businesses providing telecom services.

20.     Within three years prior to the filing of this Complaint Defendant hired Plaintiff, among other individuals, to provide telecom services and remote auditing services.

21.     Defendant hired Plaintiff and set his work schedule, including the hours to be worked.

22.     Defendant exercises comprehensive control over the conditions of employment of its auditors, including Plaintiff's employment.

23.     Defendant requires auditors perform auditing service to customers, which are solicited by Defendant, which typically involves editing videos of tower construction.

24.     Defendant and other auditors work from their own homes.

25.     Auditors email that they are available to work at 7:30 each morning (depending on their assigned time zone) to receive their work project, which is generally assigned by a customer of Defendant.

26.     Defendant require auditors to work at least five (5) days a week, and to work until the assigned work is completed, which is often more than ten (10) hours a day, and often must be completed on their days off.

27.     Auditors cannot refuse to take assigned work.

28.     Defendant set the pay rate for auditors. During the statutory period, Defendant compensated auditors, including Plaintiff, by paying them a day rate for all hours worked.

29.     Plaintiff and other auditors received their day rate regardless of the number of hours they worked in a day or work week.

30.     Defendant did not permit Plaintiff or other auditors to hire or fire employees, to use managerial discretion, to control their workflow, or to control their own schedules.

31.     Plaintiff and other auditors were required to work at least fifty hours per week.

32.     Defendant did not pay Plaintiff or other auditors an overtime premium for hours that they worked over 40 hours per week.

33.     In other words, if any auditor worked more than 40 hours in a workweek, Defendant's practice was not to pay that employee an overtime premium of 1.5x the auditor's regular rate for the hours over 40.

34.     Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty (40) per week, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

35.     At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

36.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37.     Plaintiff brings two claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any

time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

      A.    Payment for all hours worked and overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

      B.    Liquidated damages and attorneys' fees and costs.

      38.    Plaintiff is unable to state the exact number of the potential members of the FLSA collective but believes that each group exceeds forty (40) persons. Defendant can readily identify the members of the FLSA collective, who are a certain portion of the current and former employees of Defendant.

      39.    The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

      40.    The email addresses of many of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

      41.    The phone numbers of many of the FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via text message to their last known phone number as soon as possible.

      42.    The proposed collectives of opt-in plaintiffs in this case are preliminarily defined as follows:

**All auditors employed during the three years preceding the filing of the Complaint.**

43.     The proposed FLSA collective members are similarly situated in that they share these traits:

A.     They were misclassified by Defendants as exempt from the overtime requirements of the FLSA;

B.     They were paid in a similar manner: by a day rate;

C.     They performed the same or similar job duties;

D.     They were subject to Defendants' common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per week; and

E.     They were subject to numerous other common policies and practices as described *supra*.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for FLSA Overtime Violation)

46.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

47.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48.     During the relevant time period, Defendant unlawfully refrained from paying Plaintiff a proper overtime premium for hours over forty (40) per week.

49.     Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable arbitrary and in bad faith.

50.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

51.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53.     Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54.     During the relevant time period, Defendant unlawfully refrained from paying technicians and auditors overtime premium for hours over forty (40) per week.

55.     Defendant failed to pay Plaintiff and other trainers and auditors an overtime premium for all hours worked over forty (40).

56.     Plaintiff proposes to represent collectives of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

**All auditors and auditing trainers employed during the
three years preceding the filing of the Complaint.**

57.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to members of the collectives for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

59.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Richard Butler, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.     That Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff, the collective and the Court for all of the hours worked by Plaintiff and the collective and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective actions;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective during the applicable statutory period;

G.      An order directing Defendant to pay Plaintiff and the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**RICHARD BUTLER, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

Jon R. Sanford
Attorney at Law
Jon R. Sanford, P.A.
Post Office Box 6111
Edmonds, Washington 98026
Telephone: (479) 968-5400
jon@sanfordlawfirm.com

*/s/ Jon R. Sanford*
Jon R. Sanford
WA Bar No. 54557
jon@sanfordlawfirm.com