THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD BUTLER, Individually and on Behalf of All Others Similarly Situated<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SIGNAL HILL TELECOM SERVICES U.S., INC.<br><br>　　　　　　　　　Defendant. | Case No. 2:20-cv-578-JCC<br><br>**MOTION FOR DEFAULT JUDGMENT**<br><br>**Note on Motion Calendar: March 5, 2021** |

## MOTION FOR DEFAULT JUDGMENT
## AND INCORPORATED BRIEF IN SUPPORT

COMES NOW Plaintiff Richard Butler, by and through his attorney Jon Sanford of Sanford Law Firm, PLLC, and for his Motion for Default Judgment ("Motion"), does hereby state and allege as follows:

1. By this Motion, Plaintiff seeks a default judgment in the amount of $19,170.00 in back overtime wages, plus $19,170.00 in liquidated damages.

2. Plaintiff filed his Original Complaint – Collective Action on April 16, 2020, against Defendant Signal Hill Telecom Services U.S., Inc. Dkt. 1.

3. Plaintiff served Defendant with the Complaint and summons on April 20, 2020. Proof of Service, Dkt. 4.

4. Defendant's deadline for filing and serving an Answer or Motion to Dismiss was May 12, 2020.

5. Defendant has not filed or served an Answer or Motion to Dismiss in accordance with Rule 12(a)(1) of the FRCP.

6. On January 21, 2021, the Clerk of the Court entered Default against Defendant pursuant to Rule 55 of the FRCP. Dkt. 13.

7. Plaintiff is entitled to Judgment by default against Defendant based on the claims set forth in his Complaint, which allege:

    a. Defendant is headquartered within the Seattle Division of the Western District of Washington, where it is engaged in the business of telecom and auditing services. Dkt. 1, at ¶¶ 6, 16.

    b. Defendant is a business subject to the FLSA because its annual gross volume of sales made or business done is at least $500,000.00 and it has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. *Id*. at ¶¶ 14, 17.

    c. Plaintiff worked for Defendant as an auditor from November of 2017 through March of 2020. *Id*. at ¶ 9.

    d. Defendant determined the hours worked by Plaintiff, the manner in which he performed his job duties, and Plaintiff's schedule. *Id*. at ¶¶ 18-19.

    e. Plaintiff's primary duties were to perform auditing services for customers, which typically involved editing videos of tower construction. *Id*. at ¶ 23.

    f. Defendant required Plaintiff to work at least five days a week and to work until the assigned work was completed, which was more than ten hours a day, and on his days off. *Id*. at ¶¶ 26.

   g. Plaintiff worked at least fifty (50) hours per week, and Defendant did not pay Plaintiff an overtime premium for hours worked over forty (40) per week. *Id*. at ¶¶ 31-32.

   h. Defendant willfully violated the provisions of 29 U.S.C. §§ 206 and 207 by employing employees engaged in commerce at an hourly rate less than the federal minimum wage and by failing to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) in a week. *Id*. at ¶¶ 46-49.

**WHEREFORE**, Plaintiff prays that:

1. Plaintiff's Motion for Default Judgment Against Defendant be granted in full;
2. Judgment be entered in favor of Plaintiff against Defendant, finding that Defendant violated the provisions of the Fair Labor Standards Act as alleged in Plaintiff's Complaint and paragraphs 7(a) through 7(h) above;
3. Said judgment be in the amount of $19,170.00 in back wages, $19,170.00 in liquidated damages, and costs and attorney's fees in an amount to be determined upon separate motion; and
4. The court award such other and further relief as may be appropriate and just.

This Motion is supported by the record before the Court, the Brief in Support, and the Declaration of Richard Butler attached hereto as Exhibit 1.

## BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55, following the entry of a default by the Clerk, the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. FED. R. CIV. P. 55. Entering a default judgment is within the sound discretion of the District Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980); *accord Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (appellate court will set aside a default judgment only for an abuse of discretion). On an application for entry of a default judgment, all well-pleaded allegations in the complaint are to be taken as true. *Benny v. Pipes*,

799 F.2d 489, 495 (9th Cir. 1986), *cert. den.*, 484 U.S. 870 (1987); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Following the entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except with regard to the amount of damages, and the district court is not required to make detailed findings of fact. *Fair Hous. of Marin v. Combs*, 283 F.3d 899, 906 (9th Cir. 2002). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted). With regard to damages, the Court may (but is not required to) hold a hearing to determine the amount of damages. See FED. R. CIV. P. 55(b)(2); *Lasheen v. Embassy of the Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015). ("The district court may determine the amount of damages without an evidentiary hearing where 'the amount claimed is a liquidated sum or capable of mathematical calculation.'") (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)).

**A. The Court Should Enter Default Judgment**

This Court has the authority to enter and should enter a default judgment against Defendant. Factors which may be considered by courts in exercising discretion to enter default judgment include: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to the plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Plaintiff has established through the uncontested allegations in his Complaint that Defendant violated the overtime provisions of the FLSA by failing to pay him overtime compensation. Therefore, the first two *Elitel* factors strongly favor default judgment. The other five *Elitel* factors also support entry of default judgment. Under the third *Elitel* factor, default judgment should be entered because declining to enter default judgment would prejudice

Plaintiff. Plaintiff brought this suit in good faith and afforded Defendant a fair opportunity to respond. He would be unfairly prejudiced if Defendant, solely by its inaction, avoided paying Plaintiff the wages to which he is legally entitled under the FLSA. Under the fourth factor, the sum of money involved in this case also weighs in favor of entering default judgment. The amount of money involved in this case is in line with other FLSA cases and represents only the amount that Plaintiff is entitled to under the law; there are no speculative consequential or punitive damages at issue here. The fifth factor weighs in favor of default judgment because there appear to be no disputes concerning material facts because Defendant has chosen not to appear and contest any issues in this case. There is also no indication that Defendant's failure to respond to the Complaint was the result of excusable neglect, under factor six. Considering factor seven, Defendant's failure to appear in this case makes a contest of the merits impossible.

Based on the *Elitel* factors discussed above and Defendant's violation of the FLSA, default judgment should be entered.

### B. The Court Should Award Back Pay, Liquidated Damages, and Attorney's Fees and Costs.

#### 1. Back Pay

The FLSA requires employers to pay non-exempt employees minimum wage for all hours worked up to forty, plus an overtime premium of one and one-half the employee's regular rate for all hours the employee works in excess of forty per week. 29 U.S.C. §§ 206, 207. "An employee who brings suit under § 16(b) of the [FLSA (i.e., 29 U.S.C. § 216(b))] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–687 (1946).

Because Plaintiff's damages are capable of mathematical calculation, they may be proved through the allegations in his Complaint and his sworn declaration filed herewith. Plaintiff has established that Defendants violated the overtime provisions of the FLSA. Plaintiff was not

MOTION FOR DEFAULT JUDGMENT
– Page 5

THE SANFORD LAW FIRM
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

exempt from the overtime protections of the FLSA. Plaintiff was paid a set sum each week, regardless of the amount of hours he worked, though he was entitled to overtime premiums. Plaintiff worked an average of 65 hours for Defendant each week, for which he was paid $1384.80. Declaration of Butler ¶¶ 5-6, attached hereto as Exhibit 1. Therefore, Plaintiff's hourly rate was $21.30 ($1384.80 ÷ 65). Under the FLSA, Defendant owes Plaintiff an overtime premium of one-half his hourly rate for each hour worked in excess of forty per week. See 29 C.F.R. § 778.112. That comes to $266.25 per week ($10.65/hour x 25 hours). Because Plaintiff worked for Defendant for just over 72 weeks, *see* Declaration of Butler ¶ 3 and Complaint ¶ 9, Dkt. 1, his unpaid wages come to a total of $19,170.00 ($266.25 x 72).

### 2. Liquidated Damages

Further, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid wages. When an employer is found to have violated the requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of back wages. 29 U.S.C. § 216. Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

Once Plaintiff establishes liability for unpaid overtime, "liquidated damages are mandatory." *See E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.) *cert. den.*, 474 U.S. 902 (1985), *overruled in part on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Thus, a court may deny a request for liquidated damages only if the employer meets its burden of showing that it acted in "good faith [in committing the violation] and that the employer had reasonable grounds for believing that no violation took place." *First Citizens Bank*, 758 F.2d, at 403; *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1071 (9th Cir.1990), *cert. den.*, 498 U.S. 1086 (1991).

The employer has the burden of establishing both subjective and objective good faith in its violations of the FLSA to avoid the imposition of liquidated damages. Where the employer

THE SANFORD LAW FIRM
10800 FINANCIAL CENTRE PARKWAY, SUITE 510
LITTLE ROCK, ARKANSAS 72211
(800) 615-4946

"fails to carry that burden," "liquidated damages are mandatory." *Local 246 Utility Workers Union of America v. Southern California Edison Co.*, 83 F.3d 292, 297-98 (9th Cir.1996). The Defendants have not appeared in this case and have offered no evidence to support a finding that they acted in good faith. The Court should, therefore, award liquidated damages.

Assuming, *arguendo*, that the Court chooses to not award liquidated damages, the Court must then award prejudgment interest. "In the absence of a liquidated damage award, pre-judgment interest is necessary to fully compensate employees for the losses they have suffered." *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986). "[I]t is ordinarily an abuse of discretion not to include pre-judgment interest in a back-pay award under the FLSA." *Alfaro*, 785 F.2d, at 842 (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 58 (2d Cir.1984)).

### 3. Attorney's Fees and Costs

The FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the Act be awarded a reasonable attorney's fee and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." Therefore, Plaintiff requests leave to file a motion for his fees and costs within fourteen (14) days after entry of judgment against Defendants as permitted by Rule 54(d).

### CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court to enter default judgment against Defendant in the amount of $38,340.00, representing $19,170.00 in unpaid overtime wages and $19,170.00 in liquidated damages. Plaintiff further asks leave to file a separate motion pursuant to Rule 54(d) for his costs and a reasonable attorney's fee.

Respectfully submitted,

**RICHARD BUTLER, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

Jon R. Sanford
Attorney at Law
Jon R. Sanford, P.A.
Post Office Box 6111
Edmonds, Washington 98026
Telephone: (479) 968-5400
jon@sanfordlawfirm.com

*/s/ Jon R. Sanford*
Jon R. Sanford
WA Bar No. 54557
jon@sanfordlawfirm.com

# CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to all interested parties. Notice has been delivered by other means to:

SIGNAL HILL TELECOM SERVICES U.S., INC.
c/o David S. Carson
Carson Law Group
3133 Rockefeller Avenue
Everett, Washington 98201

*/s/ Jon R. Sanford*
Jon R. Sanford
**ATTORNEY IN CHARGE
FOR PLAINTIFF**
