THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| RICHARD BUTLER, | CASE NO. C20-0578-JCC |
| Plaintiff, | ORDER |
| v. | |
| SIGNAL HILL TELECOM SERVICES US, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Richard Butler's motion for default judgment against Defendant Signal Hill Telecom Services US, Inc. ("Signal Hill") (Dkt. No. 14). Having thoroughly considered the Plaintiff's motion and the relevant record, the Court hereby GRANTS Plaintiff's motion for the reasons explained herein.

I. BACKGROUND

Plaintiff Richard Butler initiated this action against Signal Hill in April 2020 for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Dkt. No. 1.) Mr. Butler alleges that Signal Hill employed him as an auditor from November 2017 until March 2020. (*Id.* at 2.) Mr. Butler alleges that Signal Hill violated the FLSA's overtime pay requirements by failing to pay him one and one-half times his regular wage rate for hours worked over forty hours per week. (*Id.* at 7.)

Signal Hill's registered agent, Carson Law Group, was served with a summons and a copy of the complaint on April 21, 2020. (Dkt. No. 4.) Signal Hill was required to respond with an answer or responsive motion by May 12, 2020, but it has thus far failed to plead or otherwise defend this action. (*See id.*) On January 15, 2021, Mr. Butler moved for a clerk's entry of default against Signal Hill, (Dkt. No. 8), and the Clerk entered the default on January 21, 2021, (Dkt. No. 13). Mr. Butler now moves for the entry of default judgment against Signal Hill. (Dkt. No. 14.)

## II. DISCUSSION

### A. Legal Standard

Under the Federal Rules of Civil Procedure, any party may make a motion for default judgment. Fed. R. Civ. P. 55(b)(2). The decision whether to enter a default judgment is left to the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in its exercise of discretion include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Following the entry of default, the plaintiff's well-pleaded factual allegations are accepted as true, except allegations related to the amount of damages, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987), but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default," *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted). Finally, if the plaintiff seeks a damages award, the plaintiff must provide the Court with evidence establishing the amount. *TeleVideo Sys.*, 826 F.2d at 917–18.

### B. FLSA Claim

Under the FLSA, "no employer shall employ any of his employees who in any workweek

is engaged in commerce . . . or is employed in an enterprise engaged in commerce . . . for a workweek longer than forty hours unless such employee" is paid "a rate not less than one and one-half times the regular rate at which he is employed" for each hour worked in excess of forty hours. 29 U.S.C. § 207(a)(1). Under the FLSA, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An *employer* qualifies as an "enterprise engaged in commerce" subject to FLSA if it (1) "has employees engaged in commerce" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A). The FLSA also includes a litany of exemptions to the classes of employees covered by FLSA overtime requirements, *see* 29 U.S.C. § 213, but "the application of an exemption under the [FLSA] is [an] affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974).

  Mr. Butler alleged that Signal Hill was an enterprise engaged in commerce through its "telecom and auditing services" and that its annual gross volume exceeded $500,000 exclusive of certain taxes as required under FLSA. (Dkt. No. 1 at 3.) Further, Mr. Butler alleged he was an employee of Signal Hill engaged in "provid[ing] telecom services and remote auditing services," that Signal Hill erroneously misclassified him as exempt from the FLSA overtime rules, and as a result failed, to pay him the FLSA-mandated overtime premium for hours worked in excess of forty per week. (Dkt. No. 1 at 4, 7.) Taken as true, these allegations bring Signal Hill within the FLSA's reach and establish substantive violations of the FLSA's overtime requirements.

### C. *Eitel* Factors

  The Court next proceeds to weigh the *Eitel* factors. "These factors usually weigh in favor of granting default judgment," and this case is no exception. *G&G Closed Cir. Events, LLC v. Lepez-Gomez*, 2020 WL 1550591, slip op. at 1 (W.D. Wash. Apr. 1, 2020) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Declining to award default judgment would strongly prejudice Mr. Butler, as he would be deprived of wages to

which he is legally entitled and be left with no recourse, given Signal Hill's failure to appear. In light of the analysis above, the second and third factors also favor entry of default judgment, as the substantive claims in Mr. Butler's complaint sufficiently alleged overtime violations by Signal Hill. Under the fourth factor, while the damages requested are not insignificant, they are in line with other FLSA cases and are calculated based on the explicit text of the FLSA's damages provisions. 29 U.S.C. § 216(b). Under the fifth and sixth factors, Signal Hill's failure to appear precludes dispute over material facts, and the record provides no support for a finding of excusable neglect, given that Signal Hill was properly served and has nonetheless failed to respond for nearly eleven months as of the date of this Order. (*See* Dkt. No. 4.) Finally, while the Court notes the Federal Rules' strong policy favoring decisions on the merits, Signal Hill's failure to appear or otherwise defend this matter has made that option unavailable. Accordingly, all seven *Eitel* factors support an entry of default judgment. *See* 782 F.2d at 1471–72.

### D.  Calculation of Damages

The FLSA permits employees harmed by FLSA violations to seek damages "in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages," in addition to "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b). The liquidated damages are mandatory, *EEOC v. First Citizens Bank*, 758 F.2d 397, 403 (9th Cir. 1985), unless the employer establishes it had "an honest intention to ascertain and follow the dictates of the Act and . . . reasonable grounds for believing that [its] conduct complie[d] with the Act," *Local 246 Utility Workers Union of Am. v. Southern California Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) (quotations omitted).

Mr. Butler requests "$19,170.00 in back wages, $19,170.00 in liquidated damages, and costs and attorney's fees in an amount to be determined upon separate motion." (Dkt. No. 13 at 3.) In support of these amounts, Mr. Butler submits a declaration indicating he worked for Signal Hill for seventy-two weeks beginning on November 26, 2018 at a weekly wage of $1,384.80, and that he worked an average of sixty-five hours per week. (Dkt No. 14-1 at 1–2.) He therefore

calculates his hourly rate as $1,384,80 divided by sixty-five, or $21.30, and his weekly hours in excess of forty as twenty-five. (Dkt. No. 14-1 at 2.) Given the one and one-half pay requirements of FLSA, that would entitle him to an additional $10.65 ($21.30 divided by two) for each hour worked in excess of forty hours, for a total of $266.25 per week, and a total of $19,170.00 over the seventy-two weeks he was employed by Signal Hill. Defendants have not appeared to dispute that liquidated damages are required, and the record does not otherwise provide evidence of Defendants' good faith. Accordingly, the Court GRANTS Mr. Butler's request for $19,170.00 in unpaid overtime compensation and $19,170.00 in liquidated damages.

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment (Dkt. No. 14). The Court ORDERS that Defendant is liable to Plaintiff for $19,170.00 in unpaid overtime compensation and $19,170.00 in liquidated damages. The Court further GRANTS Plaintiff leave to file a motion for attorney's fees and costs, to be filed no later than fourteen days after this Order. *See* Fed. R. Civ. P. 54(d).

DATED this 25th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE